WRIGHT, J.,
delivered the opinion of the Court.
This is a motion by S. 0. Nelson & Co., to dismiss the writ of error for want of a sufficient bond.
The plaintiff in error, a merchant at Memphis, doing business under the style of J. M. Patrick & Co., was sued in debt by S. 0. Nelson & Co, in the Common Law Court of Memphis, upon an account, and judgment had against him.
The account appears to have been created in New Orleans, in 1855; and at the foot of it is the following acknowledgment, signed by J. M. Patrick & Co.:
“We acknowledge the correctness and justness of the above account of nine thousand and eighty-eight dollars and ninety-three cents, bearing interest at the rate of eight per cent, per annum, since the 8th of June, 1855.
J. M. PATRICK & CO.”
This account was specially declared upon, and proferí made of it in the declaration.
The plaintiff — within twelve months after the rendition of the judgment — has filed, with the clerk of this court, a transcript of the record, and obtained from him a writ of error, upon giving a bond for costs only. No supersedeas was asked for or issued, and the question now is, whether this bond is sufficient. And we hold it is not.
Section 3162 of the Code provides that in actions founded upon liquidated accounts, signed by the party to be charged therewith, upon an appeal in the nature of a writ of error, the bond shall be taken, and the sureties bound, for the payment of the whole debt, *509 damages and costs, and for the satisfaction of the judgment of the superior court, where the cause may be finally tried and determined; and in such case the appellant shall pay interest at the- -rate of twelve and a half per cent, per annum.^
In the same section certain other enumerated instruments — such as bonds, bills single, &c. — are put upon a libe footing. And in section 3163, in all other cases of appeal in suits at law, not mentioned in the previous section, the bond shall be for damages and costs, only, and the rate of interest shall' be six per cent, per an-num.
Section 3177 provides that a writ of error may be moved for, and obtained, in the appellate court, or issued by the clerk of the appellate court in vacation, upon the transcript of the record being filed in his office, and bond given as required by law.
Sections 3180 and 3181 prescribe the time within which a writ of error shall be prosecuted, namely : to the clerk within one year, and to the appellate court, or a judge thereof, within two years after the judgment or decree.
And, finally, section 3184 provides that the bond required from the applicant for the writ of error, and the proceedings in the appellate court thereafter, shall be the same as those upon an ■ appeal as therein before provided in that chapter.
It will thus be seen, that by the express provisions of the statute, whether the application for the writ of error be to the clerk of this court, or a judge thereof, or to the court itself; and whether a supersedeas issue or not, the bond must be the same as in an appeal in *510 the nature of a writ of error. From this we cannot escape, because . the statute is general, and makes no exception of the case where no supersedeas is had.
We, also, think the account upon which the judgment in this case was rendered, must be held to be a liquidated account within the meaning of section 3162 of the Code, and the bond must be as there directed.
We are not permitted, upon this application, to decide whether there be error in this record or not, nor upon the effect of the stipulation in the acknowledgment at the foot of the account, to pay eight per cent, per annum interest; nor whether this was executed in New Orleans- or not. These matters can only come up for decision when a proper bond is given, and the case is regularly before us.
It> is enough that we can see that the writ of error is sought to be prosecuted from a judgment rendered upon a liquidated account, signed by the party to be charged therewith. We are bound to require the bond before we proceed further.
The result is, the motion must be sustained.